**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE GOODYEAR TIRE & RUBBER COMPANY,** | ) ) | **CASE NO. 5:08CV1789** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | **OPINION AND ORDER** |
| **NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, et al.,** Defendants. | ) ) ) ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendant Federal Insurance Company's Motion (ECF DKT #21) to Dismiss Count II of Plaintiff's Amended Complaint and Plaintiff Goodyear Tire & Rubber Company's Motion (ECF DKT #24) for Partial Judgment on the Pleadings with respect to Count II of the Amended Complaint. For the following reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Partial Judgment on the Pleadings is denied.

## I. BACKGROUND

Goodyear instituted this lawsuit in July of 2008, and filed its Amended Complaint on March 23, 2009. Count I alleges breach of directors and officers ("D & O") liability policies issued by National Union and Federal, and seeks reimbursement of Goodyear's legal and accounting costs, amounting to approximately $30 million, incurred in defending numerous securities class action and derivative lawsuits and an SEC investigation. Count II seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, against Federal only.

National Union issued the Primary Policy for the period from July 1, 2003 through July 1, 2004.  The Primary Policy contains a $15 million limit of liability excess of a $5 million retention.  Federal issued its policy to Goodyear for the period July 1, 2003 to July 1, 2004.  The Federal Policy is an excess policy, with a limit of $10 million excess of the Primary Policy.

Section 1 of the Federal Policy states:

The Company shall provide the Insureds with insurance during the Policy Period excess of the Underlying Limit.  Coverage hereunder shall attach only after the insurers of the Underlying Insurance shall have paid in legal currency the full amount of the Underlying Limit for such Policy Period.

In Count II of its Amended Complaint, Goodyear alleges as follows:

35.  Federal has not paid the money it owes Goodyear under its Policy, and Federal takes the position that if Goodyear compromises its coverage claim against National Union for less than the policy limits, it will deem the Federal Policy relieved of any obligation to pay policy benefits in this matter.

36.  Under Ohio law, so-called exhaustion provisions are deemed satisfied when the policyholder settles in good faith with the underlying insurer and credits the excess insurer with the difference between the settlement amount and the underlying insurer's policy limits.  Federal's position to the contrary will effectively preclude a compromise between National Union and Goodyear of the coverage claim described above until the Court declares the rights of Goodyear and Federal with respect to Clauses 1 and 3 of the Federal Policy.

In its Answer, Federal responds that the Federal Policy speaks for itself.  Further, since upon information and belief, National Union has not made any payment to Goodyear on its claims, recovery against Federal is barred or limited by the exhaustion provisions in Sections 1, 2 and 3 of the Federal Policy.  Federal's Ninth Affirmative Defense is the Court lacks subject matter jurisdiction over the Second Cause of Action.  Federal's Tenth Affirmative Defense is the Second Cause of Action does not qualify as an "actual controversy" for purposes of the

-2-

Declaratory Judgment Act.

Goodyear now moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on Count II of its Amended Complaint, which seeks declaratory judgment relief against Defendant Federal Insurance Company.  Federal moves, pursuant to Rules 12(b)(1) and 12(b)(6), to dismiss Count II on the grounds that the Court lacks subject matter jurisdiction, and, in any event, Count II fails to state a claim upon which relief can be granted.

## II. LAW AND ANALYSIS

### Standard of Review

Defendant Federal's Motion to Dismiss was brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks.  *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a

challenge to the factual existence of subject matter jurisdiction. On such a motion, no

presumptive truthfulness applies to the factual allegations,.... and the court is free to weigh the

evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752.

Fed. R. Civ. P. 12(b)(6) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a
> claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the
> responsive pleading thereto if one is required, except that the following
> defenses may at the option of the pleader be made by motion: (6) failure to
> state a claim upon which relief can be granted;

" The Supreme Court has recently clarified the pleading standard necessary to survive

a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor World, Inc.,* 261 Fed. App'x. 817,

819 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly ,* 550 U.S. 544 (2007)). Factual

allegations contained in a complaint must "raise a right to relief above the speculative level."

*Id.* at 555.  *Twombly* does not "require heightened fact pleading of specifics, but only enough

facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion

to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its

allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.*

*v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007).

Earlier this year, the United States Supreme Court rendered its decision in *Ashcroft v.*

*Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009).  The Court, by Justice Kennedy, discussed

*Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can
> choose to begin by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be supported
> by factual allegations.  When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they plausibly give

-4-

rise to an entitlement to relief.
*Id.* at 1950.

**<u>Declaratory Judgment</u>**

It is well-settled that federal courts may only adjudicate actual cases or controversies. U.S. Const., Art. III, Section 2.  In fact, that principle is reiterated in the Declaratory Judgment Act, which states: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  Nonetheless, the Supreme Court has emphasized the discretionary nature of the Act.  In *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command.  It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]."  Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985).  In exercising its discretion, a federal court must only pass judgment upon real, not uncertain nor hypothetical, disputes. As the Supreme Court noted in *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting earlier decisions:

> [T]he federal courts established pursuant to Article III of the Constitution do
> not render advisory opinions.  For adjudication of constitutional issues
> 'concrete legal issues, presented in actual cases, no abstractions' are requisite.
> This is as true of declaratory judgments as any other field.  *United Public
> Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564,
> 91 L.Ed. 754 (1947).  The difference between an abstract question and a
> 'controversy' contemplated by the Declaratory Judgment Act is necessarily
> one of degree, and it would be difficult, if it would be possible, to fashion a
> precise test for determining in every case whether there is such a controversy.

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

It is undisputed, in the herein matter, that Goodyear made a claim under the D & O policies issued by National Union and Federal, for reimbursement of over $30 million in attorneys' and accountants' fees expended in defense of securities class action and derivative suits and an SEC investigation.  The pleadings demonstrate National Union denied the claim as not covered under the policy and/or excluded by policy terms.  Further, Federal has not paid on the Goodyear claim, and will not pay unless and until the Primary Policy limits have been exhausted.  Furthermore, there is no dispute that Goodyear and National Union have not reached any settlement nor any contingent agreement to settle the underlying claim.  Based upon these facts, the Court is yet to be presented with a real, concrete issue of interpretation of the rights of the parties under the exhaustion provisions outlined in Sections 1, 2 and 3 of the Federal policy.

Unquestionably, sophisticated business entities, such as Goodyear, National Union and Federal, could have negotiated and bargained for policy language, prior to executing the insurance agreements implicated by this litigation.  As it is, the Court agrees with Federal's position that the operation of the exhaustion provision in its excess policy has not been triggered.  The Court declines to exercise its discretion to decide the enforceability of the pertinent Federal policy provision ***in the abstract***.  *Golden*, 394 U.S. at 108.  Despite Goodyear's characterization in Count II of its Amended Complaint and in its motion briefing, Federal's position on exhaustion and availability of excess coverage is not precluding nor

-6-

preventing any settlement between Goodyear and National Union.  Rather, settlement or compromise is being stymied by Goodyear's own trepidation — that is, Goodyear's own unwillingness to risk settling or compromising its claim with National Union and confront the uncertain legal application of a bargained-for contract term.

### III. CONCLUSION

For all these reasons, and in accordance with Declaratory Judgment jurisprudence as enunciated in 28 U.S.C. § 2201, *Brillhart*, *Public Affairs Associates*, *Golden*, and their progeny, the Court finds there is no case or controversy presented by Count II of Goodyear Tire & Rubber Company's Amended Complaint, and the Court will not render an advisory opinion on the exhaustion provision of the Federal Insurance Company excess policy. Goodyear failed to meet its burden of proving the existence of subject matter jurisdiction. Therefore, the Motion of Defendant Federal Insurance Company to Dismiss Count II of Plaintiff's Amended Complaint is granted pursuant to Fed. R. Civ. P. 12(b)(1).  Furthermore, the Court determines it is unnecessary to reach Defendant Federal's alternative request for dismissal under Fed. R. Civ. P. 12(b)(6), and denies the Motion of Plaintiff Goodyear Tire & Rubber Company for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

**IT IS SO ORDERED.**

**DATE: October 23, 2009**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

-7-